# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

HAROLD COMBS,

        Petitioner,    :    Case No. 1:14-cv-088

  - vs -                         District Judge Timothy S. Black
                                        Magistrate Judge Michael R. Merz

BRIAN COOK, WARDEN,
  Pickaway Correctional Institution,[1]

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Harold Combs under 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Common Pleas Court (Petition, Doc. No. 1.)  On Order of Magistrate Judge Bowman, Respondent has filed a Return of Writ (Doc. No. 22).  Petitioner has filed a Reply (Doc. No. 29) and the case is ripe for decision.

Combs pleads the following grounds for relief:

> **Ground One:** Violation of rights when prosecutor vouched for the credibility of prosecution witnesses in closing argument.
>
> **Supporting Facts**: In closing argument neither the prosecutor, nor defense counsel is permitted to express his or her personal belief as to the credibility of a witness. Improper vouching occurs where an attorney expresses his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused.
>
> The prosecutor in this case expressed an opinion on both Combs' guilt and the credibility of complaining witness.

---

[1] Warden Cook is the current custodian of the Petitioner and is hereby substituted as Respondent in this case.  Fed. R. Civ. P. 25.

1

>**Ground Two**: Right to a fair trial was violated by the introduction of evidence he [sic] his right to remain silent after being arrested by police.
>
>**Supporting Facts:** While there was no objection by defense counsel, the use of Combs' invocation to remain silent still requires reversal. This case was one in which credibility was the only issue. The evidence was not overwhelming, as evidenced by the reduction of one charge in the jury verdicts. The Ohio Supreme Court has clearly ruled, the use of silence or post arrest invocation of this right, cannot be used to established [sic] guilt.
>
>**Ground Three**: The cumulative failures of defense counsel during trial denied Combs' rights to a fair trial, as guaranteed by State and U.S. Constitutions.
>
>**Supporting Facts:** Defense counsel repeatedly failed to object to improper hearsay evidence which only served to repeat accusations made. Counsel repeatedly failed to act as counsel. Multiple instances of ineptitude, including failure to object and impeach amounted to ineffective assistance of counsel.
>
>**Ground Four**: Denial of Trial Judge Luebbers to allow defendant Combs to defend himself.
>
>**Supporting Facts:** First indictment No. B 1202657 and my appearance before Judge Luebbers, with attorney Nye as my representative, I filed a motion to have him removed from my case. I also requested to defend myself in this matter, as I did on my second indictment case B1204269. Judge Luebbers stated in open court in May 2012 she did not allow defendants in her courtroom to represent themselves. That transcription has not been made available to me, despite my repeated request to my two appointed appellate attorneys and the clerk of court. Tr. 3 – Pg. 22 to 23, 24, 25. I informed the court did not want another attorney, the court forced me to accept Mr. Burke, my third attorney, in my 2 indictment three counts of the same incident.

(Petition, Doc. No. 1.)

**Procedural History**

Combs was indicted by the Hamilton County Grand Jury in Case No. B 1204769 with two counts of felonious assault, one of them specified to be with a deadly weapon. At trial they jury found him not guilty on count one, but guilty of the lesser included offense of felonious assault and also guilty of felonious assault on count two. The trial judge sentenced him to 180 days confinement on count one and five years' imprisonment on count two with the sentences to run concurrently.

Represented by new counsel, Combs appealed to the First District Court of Appeals, raising the following assignments of error:

> 1. Combs' right to a fair trial was violated when the prosecutor vouched for the credibility of prosecution witnesses in his closing argument.
>
> 2. Combs' right to a fair trial was violated by the introduction of evidence he [sic] his right to remain silent after being arrested by police.
>
> 3. Mr. Combs' right to a fair trial and effective assistance of counsel as guaranteed by the United States Constitution and the Constitution of Ohio was violated by cumulative failures of defense counsel during trial.

(Return of Writ, Doc. No. 22-1, Ex.18, PageID 172.)

The First District affirmed the conviction. *State v. Combs*, 2013 Ohio App. LEXIS 3213 (1st Dist. Jul. 19, 2013). Combs timely moved for reconsideration, but the First District denied that motion on August 27, 2013. (Return of Writ, Doc. No. 22-1, Ex. 24, PageID 228.) Combs appealed to the Ohio Supreme Court on October 9, 2013, and filed a motion for delayed appeal the same day. (Notice of Appeal, Return of Writ, Doc. No. 22-1, Ex. 25, PageID 229; Motion, *Id.* at Ex. 26, PageID 231.) On November 20, 2013, Chief Justice O'Connor entered a summary

order reading "Upon consideration of appellant's motion for a delayed appeal, it is ordered that the motion is denied. Accordingly, this cause is dismissed." (Entry, Return of Writ, Doc. No. 22-1, Ex. 27, PageID 251.)  Combs timely filed his Petition in this Court on December 11, 2013.

**Procedural Default**

### Applicable General Standard

The Warden asserts that all four of Combs' Grounds for Relief are procedurally defaulted.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on

procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

### Application to This Case

6

### Untimely Appeal to the Ohio Supreme Court

The Warden asserts that Combs' First, Second, and Third Grounds for Relief are procedurally defaulted by his failure to file a timely notice of appeal to the Ohio Supreme Court from the affirmance of his conviction by the First District. The Court finds this claim is without merit. A person whose conviction is affirmed by the Ohio Court of Appeals has forty-five days to appeal to the Supreme Court of Ohio. S. Ct. Prac. R. 7.01(A)(1). However, S. Ct. Prac. R. 7.01(A)(5) provides that if a timely motion for reconsideration is filed in the court of appeals, the time for appeal to the Ohio Supreme Court is tolled until that motion is decided and then begins to run. In this case, the First District denied the motion for reconsideration on August 27, 2013. Forty-five days later is October 11, 2013. Therefore Combs' notice of appeal was not untimely.

However, Combs did procedurally default in his appeal to the Ohio Supreme Court by failing to file the required memorandum in support of jurisdiction in compliance with S. Ct. Prac. R. 7.02. As can be seen from the record, Combs filed only a bare bones notice of appeal with no statement of the issues to be raised. Accordingly, Grounds One, Two, and Three are procedurally defaulted by failing to raise them as issues before the Supreme Court.

### Lack of Contemporaneous Objection

The Warden asserts Ground One is also procedurally defaulted because there was no contemporaneous objection to the prosecutor's remarks at trial. The court of appeals held this failure against Combs on appeal when it held "[a]t the outset, we note that Combs did not object to these statements during closing argument, so all but plain error has been waived. Crim.R.

52(B); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978)." *State v. Combs, supra*, ¶ 12.

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir.  2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005);  *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  See also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).     A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl*, 668 F.3d at  337; *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros*, 422 F.3d at 387; *Hinkle,* 271 F.3d 239, *citing Seymour*, 224 F.3d at 557 (plain error review does not constitute a waiver of procedural default); *accord, Mason,* 320 F.3d 604.

Ground One for Relief is therefore procedurally defaulted on this basis as well.

**Failure to Present to the State Courts At All**

The Warden asserts Ground Four – failure to allow Combs to represent himself at trial – is procedurally defaulted because it was never presented to the state courts.  The accuracy of this

claim is evident on the fact of the record:  no such claim was raised on appeal to the First District although the claim depends for evidence entirely on the record in the trial court.

### Failure to Excuse Defaults

`	Once a Respondent has shown procedural default, a habeas petitioner can overcome it if he can show excusing cause and prejudice. *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986).  Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

In his Traverse, Combs does not address the procedural default argument at all and thus has not shown excusing cause or prejudice.

### Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice because all of Combs' Grounds for Relief are procedurally defaulted.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability

and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 6, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).